IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID TYRONE HILL, | ) | CASE NO. 1:11 CV 307 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KEVIN SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me is a motion by the State to dismiss the present *pro se* habeas petition of David T. Hill as time-barred or, alternatively, to transfer it to the Sixth Circuit Court of Appeals as a second or successive petition.[1]  Hill has filed an "objection" to that motion.[2] For the reasons that follow I will recommend that this petition be dismissed as time-barred.

## Facts

The facts relevant to the instant motion are not complex.

The present petition for habeas relief purportedly challenges the convictions and sentences in Ohio cases CR 430754 and CR 432856 – cases which were consolidated for trial in 2003.[3]  After Hill initially failed to timely appeal his conviction and sentencing in this

---

[1] ECF # 17.

[2] ECF # 18.

[3] *See*, ECF # 17 at 3-4.  Another case – CR 430213 – is the subject of a related report and recommendation.

consolidated case, he succeeded in obtaining re-sentencing in 2004.[4]  Hill then appealed from the sentence imposed on re-sentencing, and was sentenced for a third time on August 3, 2005.[5]

Hill's original federal habeas petition was filed in this Court just before the third re-sentencing.[6]  That petition, which raised claims from this consolidated case as well as those related to Hill's conviction in another case, was recommended by me for dismissal on various grounds.[7]  However, before the District Court could finally adjudicate this matter, on November 21, 2006, this Court granted Hill's motion to dismiss his 2005 habeas petition without prejudice so that he might allegedly exhaust state remedies.[8]

The present petition was filed in February, 2011.[9]  In the motion to dismiss or transfer,[10] the State initially sets forth two similar arguments to those raised against Hill's other currently-pending habeas action.[11]  Specifically, the State first asserts that Hill is not "in custody" pursuant to the 2003 conviction and sentence in CR 430754 identified in the

---

[4] *Id*. at 8-9.

[5] *Id*. at 11.

[6] *Id*. at 12.  Specifically, the petition was filed May 10, 2005.

[7] *See*, ND Ohio Case No. 1:05-cv-1173, ECF # 60.

[8] *Id.*, ECF # 69.

[9] ECF # 1.

[10] ECF # 17.

[11] ND Ohio Case No. 1:11-cv-35.

petition because that judgment was superceded by the re-re-sentencing in 2005.[12]  Further, the State maintains that this petition should be transferred to the Sixth Circuit as a "second or successive petition" requiring approval of the appeals court before filing.[13]  Most significantly, the State argues that because Hill's judgment in the consolidated cases became final on September 2, 2005, and the present petition was not filed until February 11, 2011, the petition is time-barred under the one-year limitations period set forth in 28 U.S.C. § 2244(d).[14]

As to the time-bar argument, Hill, for his part, does not dispute that his petition was filed beyond the one-year statutory period.[15]  Rather, Hill first raises a form of equitable tolling argument without directly identifying it as such.  In particular, Hill claims that the state trials in these cases were fraudulent in that they were "constructed from false testimony."[16]  Therefore, he concludes without citation to authority, that the use of fraud "nullif[ies] [application of] the statute of limitations."[17]  He further argues by analogy that

---

[12] ECF # 17 at 25-26.

[13] *Id*. at 31-33.

[14] *Id*. at 27-30.

[15] ECF # 18 at 3-4.

[16] *Id*. at 3.

[17] *Id*. at 4.

since there is no statute of limitations on bringing a prosecution for murder, there should be no statute of limitations barring habeas relief for one convicted of murder.[18]

## Analysis

**A.    "In custody"**

The habeas statute provides that relief is available only to those "in custody pursuant to the judgment of a state court."[19]  It is well-settled that this requirement is jurisdictional.[20] Specifically, the Supreme Court has held that, in order to confer jurisdiction under the habeas statute, a petitioner must be "in custody" under the particular conviction or sentence under attack at the time the petition was filed.[21]

Here, the State argues that Hill is "in custody" as to CR 430754 pursuant to the re-re-sentencing of 2005, not the original sentence of 2003 identified by Hill in his petition.[22] Accordingly, the State maintains that the present petition should be dismissed for lack of jurisdiction.

An analysis of this argument begins with the reasoning underlying the decision of the United States Supreme Court in *Burton v. Stewart* – a case arising in the context of

---

[18] *Id.*

[19] 28 U.S.C. § 2254(a).

[20] *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

[21] *Burton v. Stewart*, 549 U.S. 147, 156 (2007); *Maleng*, 490 U.S. at 490-91.

[22] ECF # 17 at 25-26.

-4-

determining whether there was a second or successive petition requiring prior approval of the appeals court.[23]

Lonnie Burton was originally convicted and sentenced in 1994.[24]  The trial court entered an amended judgment and sentence in 1996.[25]  Although the state appeals court upheld the conviction, it remanded the matter for re-sentencing.[26]  Thus, a second amended judgment and sentence was entered in 1998.[27]  Burton filed for federal habeas review in late 1998, noting that he was challenging the 1994 conviction.[28]  That application was denied in 2001.[29]  Burton then filed another federal habeas petition in 2002.[30]

Burton claimed that his two federal habeas petitions were not second or successive because they challenged different judgments – the 1998 petition contesting the 1994 original conviction and the 2002 habeas petition challenging the 1998 second amended judgment.[31] The Court, however, found that both petitions challenged the same 1998 judgment.[32]  More

---

[23] *Burton*, 549 U.S. at 151.

[24] *Id*. at 149.

[25] *Id*. at 150.

[26] *Id*.

[27] *Id*. at 151.

[28] *Id.*

[29] *Id.*

[30] *Id*. at 151-52.

[31] *Id*. at 155-56.

[32] *Id*. at 156.

importantly for Hill, the *Burton* Court concluded that, regardless of what the petitioner said in the application or later argued before the courts, the judgment in force at the time the petition was filed is the judgment by which the petitioner is "in custody" for purposes of the AEDPA.[33]  This is in line with the general rule that a petitioner's "in custody" status is determined at the time the petition is filed.[34]

Thus, in the present matter, I recommend finding that subject matter jurisdiction here is grounded on the fact that Hill was in custody pursuant to his 2005 re-re-sentencing by the Ohio courts at the time he filed the application for habeas relief at issue, regardless of what Hill believed or stated in his application.[35]  Accordingly, I recommend that the State's motion to dismiss for want of subject matter jurisdiction be denied.

**B.      Time limitation**

As provided in 28 U.S.C. § 2244(d), petitions for the writ of habeas corpus must be filed in the district court within one year of the latest of four events:  (A) the date the state court judgment became final by the conclusion of direct review of that judgment; (B) the date when an imposition to filing created by the State was removed; (C) the date when the

---

[33] *Id*. at 157.  That conclusion does not, of itself, deal with exhaustion matters or with other factors going to whether individual claims are then properly before the federal habeas court that otherwise possesses jurisdiction because the petitioner is in custody pursuant to a particular judgment of the state court.

[34] *Northrop v. Trippett*, 265 F.3d 372, 375 n.1 (6th Cir. 2001) (citation omitted).

[35] Again, the recognition that jurisdiction exists does not address situations where a petitioner's claims may arise from a prior judgment or situations where claims from the most recent judgment were not included in the petition and further presentment may be barred by operation of the statute of limitations.

-6-

constitutional right asserted was recognized by the Supreme Court and made retroactive to pending cases; and (D) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.[36]  Cases become final on direct review for purposes of the statute either when *certiorari* is denied by the Supreme Court or when the time for seeking *certiorari* expires.[37]

The one-year limitations period is tolled for such time as a properly filed for state post-conviction relief is pending in the state courts.[38]  An application for such relief is properly filed and so tolls the habeas limitations period when that application is in compliance with all applicable laws and rules governing filing, including time limitations.[39] In addition, even when applicable, an event triggering statutory tolling merely pauses the one-year limitations clock; it does not afford the petitioner a fresh one-year period.[40]

Because the statute of limitations is not jurisdictional, the Supreme Court has assumed it is subject to equitable tolling.[41]  To be entitled to equitable tolling, the Supreme Court in *Lawrence v. Florida* has stated that a petitioner must show (1) that he has been diligent in

---

[36] 28 U.S.C. §§ 2244(d)(1)(A)-(D).

[37] *Lawrence v. Florida*, 549 U.S. 327, 333 (2007).

[38] 28 U.S.C. § 2244(d)(2).

[39] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[40] *See*, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

[41] *Lawrence*, 549 U.S. at 336.  The Sixth Circuit has held that equitable tolling is available to habeas petitioners.  *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).

pursuing his rights and (2) that some extraordinary circumstance stood in his way.[42]  The Sixth Circuit has stated that equitable tolling should be used sparingly in habeas matters[43] and then only upon satisfaction of the four-part test initially set forth in *Dunlap v. United States*.[44] The petitioner bears the "burden of persuading the court that he or she is entitled to equitable tolling."[45]

As noted, there is no doubt – and Hill admits – that this application was filed well beyond the one-year limitations period.  Hill has presented no facts that would meet his burden to establish equitable tolling.  His arguments that fraud during trial nullifies limitations periods during habeas review and that the absence of a statute of limitations on murder prosecutions implies a similar waiver of limitations periods for habeas review in murder cases provide no grounds for excusing his clear delay in pursuing his rights under the applicable standards.

Therefore, I recommend that the State's motions for dismissal of this petition as time-barred be granted.

---

[42] *Id*.

[43] *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

[44] *Johnson v. Hudson*, 421 F. App'x 568, 571 (6th Cir. 2011) (unpublished opinion) (citing *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001) (citation omitted)).

[45] *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

## C.    Second or successive petition

In a report and recommendation in a companion case[46] issued together with this one, I have reviewed the reasons why Hill's numerically first petition in this court, which was dismissed without prejudice prior to adjudicating any claims, should not be construed as a "first" petition for purposes of making this petition a second or successive petition under the statute.    I now incorporate that analysis and recommendation here by reference. Accordingly, I recommend denying the State's motion in this regard.

## Conclusion

For the foregoing reasons, I recommend granting the State's motion in part and denying it in part as is more fully set forth above.  Ultimately, I recommend dismissing the petition at issue as time-barred.


Dated:                                                    s/ William H. Baughman, Jr.
                                                          United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[47]

---

[46] ND Ohio Case No. 1:11-cv-35, ECF # 38.

[47] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).